UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

WANDA COTE,

    Plaintiff,

v.

JUSTINE MERCED, JOSHUA STEVENS, JESSIE HAMLIN, CHRISTOPHER ROTHWELL, AND CHIEF WADE PARSONS,

    Defendants.

Docket No. 24-CV-336-AJ

## DEFENDANTS' MOTION TO DISMISS

NOW COME the defendants, Justine Merced, Joshua Stevens, Jesse Hamlin, Christopher Rothwell, and Chief Wade Parsons (each a "Defendant," and collectively, the "Defendants"), by and through their attorneys Morrison Mahoney LLP, and do hereby move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1367(c)(3) to dismiss this action, stating in support as follows:

1. This case arises out of the execution of a warrant at Plaintiff's residence in Danville, New Hampshire on December 8, 2021.

2. Plaintiff seeks to impose liability upon the Defendants under 42 U.S.C. § 1983 for alleged unconstitutional deprivations of rights. *See Randall v. Prince George's Cnty.* 302 F.3d 188, 203 (CA4 2002)

3. Since Plaintiff has failed to allege facts demonstrating that the Defendants violated a clearly established constitutional right, as required by the qualified immunity framework, *see*

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), Counts I, III, V, and VI should be dismissed.

4. Further, since Plaintiff's Complaint alleges legal conclusions and formulaic assertions, absent any specific facts beyond the possibility of misconduct, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), Plaintiff has failed to state a claim upon which relief can be granted and Counts I, III, V, and VI should be dismissed. Fed. R. Civ. P. 12(b)(6).

5. After dismissing Counts I, III, V and VI, the Court should decline to exercise supplemental jurisdiction over the remaining state-law claims, Counts II and IV. *See* 28 U.S.C. § 1367(c)(3); *see also Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008) (If the plaintiff "has no valid claim under § 1983 against any defendant, it is within the district court's discretion to decline to exercise supplemental jurisdiction over the pendent state-law claims."); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.")

6. A memorandum of law more fully setting forth Defendants' arguments has been filed contemporaneously herewith.

Respectfully submitted,

JUSTINE MERCED, JOSHUA STEVENS, JESSIE HAMLIN, CHRISTOPHER ROTHWELL, AND CHIEF WADE PARSONS

By Their Attorneys,

MORRISON MAHONEY LLP

Date: January 31, 2025          By     /s/ *RJ Meurin*
William N. Smart, #18357
wsmart@morrisonmahoney.com
RJ Meurin, #266219
rmeurin@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
Phone:  603-622-3400
Fax:     603-622-3466

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record via ECF.

*/s/ RJ Meurin*
RJ Meurin

104020624.v1